MARTIN, Circuit Judge,
dissenting:
I dissent from the Majority’s opinion on remand, which reinstates this Court’s en banc opinion in Childers v. Floyd, 642 F.3d 953 (11th Cir.2011) (en banc) (Childers I), cert. granted, judgment Vacated, —— U.S. -, 133 S.Ct. 1452, 185 L.Ed.2d 358 (2013), after the Supreme Court had vacated it and remanded it for our consideration *1337 in light of Johnson v. Williams, 568 U.S. -, 133 S.Ct. 1088, 185 L.Ed.2d 105 (2013). Setting aside that members of our court may have different views about what is the right result for Mr. Childers,[1] the en banc Majority’s interpretation in Childers I of the term “adjudicated on the merits” must be reevaluated and rejected in light of Williams.
In Childers I, the en banc Majority said that “an ‘adjudication on the merits’ is best defined as any state court decision that does not rest solely on a state procedural bar.” 642 F.3d at 968 (emphasis added). Childers I then held: “unless the. state court clearly states that its decision was based solely on a state procedural rule, we will presume that the state court has rendered an adjudication on the merits when the petitioner’s claim ‘is the same claim rejected’ by the state court.” Id. at 969 (quoting Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 364, 154 L.Ed.2d 263 (2002)). This exceedingly broad interpretation of the term “adjudicated on the merits” .is directly at odds with the Supreme Court’s decision in Williams because the Majority’s rule elevates all state court decisions, except for rulings “clearly” and “solely” based on state procedural grounds, to be “adjudications on the merits.”
In Williams, the Supreme Court was called upon to “ascertain the meaning of the adjudication-on-the merits requirement” of 28 U.S.C. § 2254(d). Williams, 133 S.Ct. at 1091. The meaning of this term is important because the Antiterrorism and Effective Death Penalty Act “sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner whose claim was ‘adjudicated on the merits in State court proceedings.’ ” Id. at 1094 (quoting 28 U.S.C. § 2254(d)). As the Supreme Court explained,
[t]his issue arises when a defendant convicted in state court attempts to raise a federal claim, either on direct appeal or in a collateral state proceeding, and a state court rules against the defendant and issues an opinion that addresses some issues but does not expressly address the federal claim in question. If this defendant then raises the same claim in a federal habeas proceeding, should the federal court regard the claim as having been adjudicated on the merits by the state court and apply deference under § 2254(d)? Or may the federal court assume that the state court simply overlooked the federal claim and proceed to adjudicate the claim de novo, the course taken by the Court of Appeals in the case at hand?
Id. at 1091 (emphasis added). The answer to this question, the Supreme Court told us in Williams, “follows logically from [its] decision in Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).” Williams, 133 S.Ct. at 1091.
By way of - background, the Supreme Court held in Richter that § 2254(d) “does not require a state court to give reasons before its decision can be deemed to have *1338 been ‘adjudicated on the merits.’ ” Id. (quoting Richter, 131 S.Ct. at 785). Rather, the Supreme Court explained, “[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.” Id. (emphasis added) (quoting Richter, 131 S.Ct. at 784-85). Although Richter reviewed a state court summary adjudication that “did not address any of the defendant’s claims,” the Supreme Court in Williams found “no reason why the Richter presumption should not also apply when a state-court opinion addresses some but not all of a defendant’s claims.” Id. at 1094. Thus, Williams reaffirmed the holding of Richter and extended it in the context of non-summary state court opinions.
But it is important to note that Williams also reaffirmed that the Richter presumption was rebuttable: “[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must 'presume that the federal claim was adjudicated on the merits — but that presumption can in some limited circumstances be rebutted.” Id. at 1096. In sustaining the principle that the presumption a claim has been adjudicated on the merits may be rebutted, the Supreme Court considered and rejected the State of California’s invitation to hold otherwise. California argued in Richter that an irre-buttable presumption should apply where “a defendant claimed in state court that something that occurred at trial violated both a provision of the Federal Constitution and a related provision of state law” and the state court, “in denying relief, made no reference' to federal law.” Id. Williams rejected California’s argument for an irrebutable presumption in this scenario because it “goes too far.” Id. The Supreme Court explained, “while the Richter presumption is a strong one that may be rebutted only in unusual circumstances, it is not irrebuttable. Per se rules should not be applied ... in situations where the generalization is incorrect as an empirical matter, and an irrebuttable presumption that state courts never overlook federal claims would occasionally miss the mark.” Id. at 1096-97 (quotation marks, internal citation and footnote omitted).
In light of the Supreme Court’s holding and reasoning in Williams, the Majority opinion’s per se rule from Childers I cannot stand. That is because the Majority’s per se rule in Childers I operates like an “irrebutable presumption that state courts never overlook federal claims,” id. at 1097, at least in cases where the state court did not “clearly” and “solely” rely on a procedural rule. As Justice Alito explained for the Court in Williams, “[i]f a federal claim is rejected as a result of sheer inadvertence, it has not been evaluated based on the intrinsic right and wrong of the matter.” Id. Said another way, claims that have been overlooked cannot have been “adjudicated on the merits in State court” within the meaning of § 2254(d). See id. Thus, even in the face of the Supreme Court’s emphatic rejection of an irrebutta-ble presumption in Williams, the en banc Majority here all but ignores Williams by reinstating its opinion in Childers I. Today’s reinstated Childers I opinion leaves undisturbed an irrebutable presumption (that there was an adjudieation-on-the merits in all § 2254 cases involving the same claim in state and federal court) “unless the state court clearly states that its decision was based solely on a state procedural rule.” Childers I, 642 F.3d at 969.
Although the en banc Majority’s rule may seem simpler to apply than Williams’s rebuttable presumption, the Supreme Court was not “persuaded that applying a rebuttable presumption in this context will be unduly burdensome for fed *1339 eral courts.” Williams, 133 S.Ct. at 1097. But more to the point, the now reinstated Childers I opinion is contrary to the rule the Supreme Court announced in Williams, and directed us to apply upon remand of Mr. Childers’s case. So while the majority’s inquiry into whether a claim has been procedurally defaulted is certainly necessary and proper, its per se rule ignores the more probing and complete inquiry required by Williams in cases where the state court may have inadvertently overlooked or misunderstood the federal claim.
For these reasons, I dissent.

. For the reasons set out by Judge Barkett in her dissent in Childers I, which I joined, I maintain my view that the Florida Courts did not adjudicate Mr. Childers’s Confrontation Clause claim “on the merits” within the meaning of 28 U.S.C. § 2254(d) and Harrington v. Richter, 562 U.S. --, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011). See Childers I, 642 F.3d at 988-95 (Barkett, J., dissenting, joined by Martin, J.). I also agree with Judge Wilson, who explains in his dissent to the Majority’s restated opinion here, that Mr. Childers has rebutted the presumption that his claim was adjudicated on the merits under Williams. See Wilson dissent at 1336. Under the resulting de novo review, however, I stand by my earlier conclusion that Mr. Childers is entitled to habeas relief based upon the circumstances of his case. Childers I, 642 F.3d at 988-95 (Barkett, J., dissenting, joined by Martin, J.).